IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA COOK, As Administratrix of the Estate of Stanley Franklin Cook, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | NO.: 03-2852 D/A |
| THE CITY OF TRIMBLE, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

Before the Court is Defendant Robert Horner's Motion to Compel filed on September 13, 2005. It appears to the Court that the records Defendant seeks are protected by a privilege and there has been no showing that the privilege has been waived. Therefore, Defendant's Motion to Compel is **DENIED**.

### BACKGROUND

Defendant Robert Horner has filed the present Motion in an attempt to compel Plaintiff to sign a medical authorization that would release all marital counseling, psychological, and psychiatric records of Plaintiff and her deceased husband, Stanley Cook (Decedent). Specifically, Defendant would like to have records pertaining to counseling the Decedent received from Johnnie Welch, Ph.D. and First Christian Church of Dyersburg. Defendant seeks these records because he believes they will lead to the discovery of admissible evidence relevant to Plaintiff's claims for damages for loss of consortium and pecuniary value of life. Although the Defendant does recognize that these records are entitled to certain federal privileges, he maintains that Plaintiff has put her

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

relationship with her late husband at issue by seeking loss of consortium and pecuniary value of life and that these documents may lead to information that affects the determination of damages in this case.

Plaintiff has refused to allow Defendant access to these records on the grounds that they are entitled to the federal psychotherapist-patient privilege and clergy-penitent privilege which have not been waived. Plaintiff avers that she is no longer seeking damages for loss of consortium due to the divorce proceedings that were ongoing at the time of the Decedent's death and thus she has not waived the psychotherapist-patient privilege that applies to the anger management and divorce counseling records of Decedent. Plaintiff has specifically stated in her Answer to Interrogatory No. 3 that she will not seek these damages and has submitted a Stipulation to the Defendant that would allow her to file a Second Amended Complaint so as to eliminate this claim for damages. In her response to the present Motion, Plaintiff states that she intends to file a Motion to Amend Complaint in order to delete her loss of consortium claim in the event that the Defendants' attorneys do not sign this stipulation. In addition, Plaintiff maintains that any anger management or parenting counseling that Decedent received addressing Decedent's relationship with Plaintiff's children from a previous marriage are not relevant to any claims in the case because these children do not have a right to recover loss of consortium damages due to Decedent's death.[1] Finally, Plaintiff states that, although she is seeking damages for loss of Decedent's earning capacity, she has not placed his mental state at issue and that Decedent's counseling for anger management, divorce, and parenting issues do not indicate that his earning capacity was affected.

## ANALYSIS

---

[1] Plaintiff has agreed to allow Defendant access to counseling records of Gary Bayer, Ph.D., who performed a custody and visitation evaluation because this information relates to Plaintiff's child with Decedent, Ania, for whom Plaintiff is seeking loss of consortium damages.

Federal Rule of Evidence 26(b)(1) provides, in part, that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Rule 501 of the Federal Rules of Evidence states that "the privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Civ. P. 501.

When confronted with a case concerning a federal question, it is well-established that courts shall apply the federal common law of privileges, rather than those privilege recognized by state law. This is true even when there are pendent state law claims within the same lawsuit. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992); *Power & Telephone Supply Co., Inc. v. Suntrust Banks, Inc.*, 2004 U.S. Dist. LEXIS 6327, *5 (W.D. Tenn. 2004) ("In federal question cases, questions of privilege are governed by federal common law. Where there are pendent state claims, federal common law still governs all claims of privilege."); *Nilvar v. Mercy Health System-Western Ohio*, 210 F.R.D. 597, 600-601 (S.D. Ohio 2002).

One well-recognized federal common law privilege is that of the clergy-penitent privilege. See generally *Trammel v. U.S.*, 445 U.S. 40, 51 (1980); *U.S. v. Nixon*, 418 U.S. 683, 709 (1974) ("Generally, an attorney or a priest may not be required to disclose what has been revealed in professional confidence."). The United States Supreme Court has also recognized the privilege that exists between psychotherapist and patient. *Jaffee v. Redmond*, 518 U.S. 1 (1996). Because the records that are at issue concern Decedent's counseling by a psychotherapist and by a member of the clergy, they are protected under these two federal common law privileges.

The above privileges may be waived expressly or by implication. In the case of *In re Lott*, the Sixth Circuit Court of Appeals considered whether a prisoner who had filed a habeas corpus

proceeding had waived her attorney-client privilege. *In re Lott*, 139 Fed. Appx. 658 (6th Cir. 2005). The Court, in its discussion of waiver by implication, held that "implied waivers are consistently construed narrowly and that Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'" *Id.* at 660 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)). Other decisions within the Sixth Circuit support this narrow view of implied waivers of privilege. See *Mason v. Mitchell*, 293 F. Supp. 2d 819 (N.D. Ohio 2003); *U.S. v. Hayes*, 227 F.3d 578 (6th Cir. 2000) (Court declined to find a "dangerous patient" exception that would allow psychotherapist-patient privilege to be waived.). Because Plaintiff has refused to allow Defendant access to the records at issue, there has been no express waiver and so the question becomes whether Plaintiff, by seeking damages for Ania's loss of consortium and for the pecuniary value of Decedent's life, has waived the privileges by implication.

Plaintiff repeatedly asserts that she is no longer seeking damages for her own loss of consortium with Decedent and so this Court does not need to decide whether such a claim for damages would waive the psychotherapist-patient or clergy-penitent privilege in regards to records concerning Decedent's relationship and impending divorce with Plaintiff. Ania's claim for loss of consortium has arguably placed Dr. Bayer's records at issue and Plaintiff has agreed to allow Defendant access to them. The remaining issue for the Court to consider is whether Plaintiff's claim for the pecuniary value of Decedent's life has placed the remaining records at issue such that she has waived any privilege that might otherwise prevent their disclosure to the Defendant. This Court, in light of the narrow construction given to implied waivers, does not believe that Decedent's counseling records pertaining to anger management, parental issues, and divorce are relevant to Decedent's earning capacity. The counseling that Decedent sought from Dr. Welch and from First Christian Church were familial and personal in nature and do not affect the determination of

damages for Decedent's lost earning capacity. Therefore, Defendant's Motion to Compel Plaintiff to sign a medical authorization allowing him access to records of Dr. Welch and First Christian Church are **DENIED**.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 03, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 92 in case 2:03-CV-02852 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

---

William Lewis Jenkins
WILKERSON GAULDIN & HAYES
112 West Court St.
Dyersburg, TN 38025--022

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

John W. Chandler
LAW OFFICES OF JOHN W. CHANDLER, JR.
532 S. McLean Blvd.
Memphis, TN 38104

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Honorable Bernice Donald
US DISTRICT COURT